# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS W. OLICK, | : | CIVIL ACTION |
|   Plaintiff, | : | |
| | : | |
|     v. | : | NO. 08-mc-05 |
| | : | |
| JAMES KEARNEY et al., | : | |
|   Defendants. | : | |

## Memorandum and Order

YOHN, J.                                                                                                                                               April \_\_\_, 2008

      Presently before the court is defendant Aetna Life Insurance Company's motion to strike plaintiff Thomas W. Olick's renewed motion for leave to appeal. Olick, who is proceeding pro se, seeks to appeal the bankruptcy court's October 26, 2007 order granting Aetna's request for sanctions against Olick and awarding Aetna $1000. In a separate order, the bankruptcy court sanctioned Olick $500 on request of defendants Thomas Jenkins, James Kearney, and the Knights of Columbus.

      On October 26, 2007, pursuant to Federal Rule of Bankruptcy Procedure 9011, the Honorable Eric L. Frank sanctioned Olick $1000 for knowingly filing claims against Aetna that were barred by the *res judicata* doctrine and $500 for inappropriate responses to Thomas Jenkins, James Kearney, and the Knights of Columbus's second request for admissions. The orders required Olick either to pay defendants $1000 and $500, respectively, or to report the sanctions as administrative expenses in Olick's Chapter 13 plan. Olick filed a notice of appeal and a motion for leave to appeal with the bankruptcy court clerk, who transferred the case to this court.

On December 3, 2007, this court dismissed Olick's motion for leave to appeal without prejudice because Olick failed comply with Federal Rule of Bankruptcy Procedure 8003 by providing the court with appropriate documentation of the bankruptcy court's orders. Olick moved for reconsideration, and the court denied his motion.

Olick then filed the current "Renewed Motion for Leave to Appeal."[1] With his renewed motion, Olick provided the court with the two orders of the bankruptcy court from which he appeals. Aetna moved to strike the renewed motion for leave to appeal because Olick did not properly follow Rule 8003 in filing the motion or, in the alternative, because the motion fails on the merits.

Aetna first argues that because Olick failed to comply with Rule 8003, the court should strike his renewed motion for leave to appeal. Olick counters that his appeal is of right, so he does not need to seek the court's leave to appeal, and that under Rule 8003(c), the court must consider his motion for leave to appeal because he timely filed his notice of appeal. As discussed below, because Olick's arguments are unavailing, the court will not consider the merits of his renewed motion for leave to appeal, will strike the motion, and will direct Olick to file his motion with the clerk of the bankruptcy court if he wishes to continue to pursue his appeal of the bankruptcy court's sanctions orders.[2]

---

[1] Although directly related to the prior disposition of 07-mc-194, the Clerk assigned this motion a new case number, 08-mc-05.

[2] Despite proceeding pro se, Olick has had and appealed prior bankruptcy actions and is familiar with the Federal Rules of Bankruptcy Procedure. *See In re Olick*, Nos. 99-4477, 96-2349, 96-22123, 2000 WL 32055, *2 (E.D. Pa. Jan. 13, 2000); *In re Olick*, Nos. 99-5125, 96-2349, 99-22123, 1999 WL 1220542, *3 (E.D. Pa. Dec. 17, 1999).

Olick contends that the court has jurisdiction over this case pursuant to 28 U.S.C. § 158(a), which provides jurisdiction to "to hear appeals (1) from final judgments, orders, or decrees [of the bankruptcy courts], . . . and (3) with leave of court, from interlocutory orders and decrees [of the bankruptcy courts]." Federal Rule of Bankruptcy Procedure 8001[3] governs appeals from the decisions of the bankruptcy courts both as of right, *see* § 8001(a) (requiring appellant to file a notice of appeal), and by leave of court, *see* § 8001(b) (requiring appellant to file a notice of appeal and a motion for leave to appeal pursuant § 8003). Thus, before exercising jurisdiction over the merits, the court must first decide whether it must consider Olick's motion for leave to appeal, which requires the court to decide whether sanctions orders related to pleading and discovery abuses are final orders that are immediately appealable or interlocutory orders that are appealable only with leave.

Olick argues that the court has jurisdiction because he appeals as of right under § 8001(a) from the sanctions orders. According to Olick, because the payment of sanctions was to be immediate, under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949), the sanctions orders fell into a "class which finally determine claims of right separable from, and

---

[3] Rule 8001 provides:

    (a) Appeal as of right; how taken
An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. . . .
    (b) Appeal by leave; how taken
An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 . . . .

collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, however, is unpersuasive here because the Supreme Court later held that sanctions orders related to discovery are not collateral orders. In *Cunningham v. Hamilton County*, 527 U.S. 198 (1999), the Supreme Court explicitly rejected the argument that an order imposing sanctions on an attorney pursuant to the Federal Rules of Civil Procedure for violation of discovery orders is a final decision that is immediately appealable. The Court concluded that "[w]e do not think . . . that appellate review of a sanctions order can remain completely separate from the merits." *Id.* at 205. As the Court found, "[a]n evaluation of the appropriateness of sanctions may require the reviewing court to inquire into the importance of the information sought [in discovery] or the adequacy or truthfulness of a response." *Id.* The Court further determined that the sanctions order could be effectively reviewed on appeal from a final judgment. *Id.* at 206.

In *Comuso v. National Railroad Passenger Corp.*, 267 F.3d 331, 339 (3d Cir. 2001), the Third Circuit concluded that *Cunningham* superseded a prior Third Circuit decision in *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535 (3d Cir. 1985), which had approved the immediate appeal of a Rule 11 sanctions order imposed against the plaintiff's attorney. Thus, the Third Circuit applied *Cunningham* to a sanctions order under Rule 11, which is the civil equivalent of bankruptcy Rule 9011.

As in *Cunningham* and *Comuso*, the sanctions orders in this case are not separate from the merits or effectively unreviewable on appeal from the final judgment.[4]  Both sanctions orders dealt directly with the merits of Olick's bankruptcy proceedings—Olick's pleading of meritless claims in his adversary matters and his response to a request for an admission—review of which would require the court to delve into matters "inextricably intertwined with the merits" of the underlying case, contrary to the Supreme Court's prohibition.  *See Cunningham*, 527 U.S. at 206.  Furthermore, the sanctions orders will be reviewable when the bankruptcy proceedings have ended.  Olick remains an integral party to the proceedings, no action of the bankruptcy court will preclude relief, and significantly, the bankruptcy judge gave Olick the option of incorporating the sanctions into his Chapter 13 plan.  Thus, the sanctions orders are not final, immediately appealable orders, and Olick must proceed by motion to for leave to appeal these interlocutory orders for this court to exercise jurisdiction under section 158.

With respect to interlocutory appeals, Rule 8001(b) directs the appellant to Rule 8003, which provides that a motion for leave to appeal must be filed with the clerk of the bankruptcy court.[5]  In this case, Olick filed his renewed motion in this court, despite this court's dismissal of his prior motion.  Pursuant to Rule 8003, Olick must file the appropriate motion with the clerk of

---

[4] The Supreme Court in *Cunningham* noted, "Perhaps not every discovery sanction will be inextricably intertwined with the merits, but we have consistently eschewed a case-by-case approach to deciding whether an order is sufficiently collateral." *Id.* at 206.  Thus, the court will only briefly note the confluence of facts in this case.

[5] Rule 8003(b) provides:

> The clerk shall transmit the notice of appeal, the motion for leave to appeal and any answer thereto to the clerk of the district court or the clerk of the bankruptcy appellate panel as soon as all parties have filed answers or the time for filing an answer has expired. . . .

the bankruptcy court, so that the clerk may receive any opposition answers, compile the complete record, and then transfer the appropriate documentation and files to this court for proper review. *See* Fed. R. Bankr. P. 8003(a), (b).  Olick may not circumvent the Federal Rules of Bankruptcy Procedure to expedite his claims.[6]

The court will grant Aetna's motion to strike Olick renewed motion for leave to appeal for failure to comply with Rule 8003.  The court will not, therefore, consider the merits of Olick's renewed motion or Aetna's response.

An appropriate order follows.

---

[6] Federal Rule of Bankruptcy Procedure 8003(c) allows the court to direct that a motion for leave to appeal be filed if the plaintiff timely files a notice of appeal but does not file for leave to appeal.  Rule 8003(c) states, in part:
> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed.  The district court . . . may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal.

The court will direct Olick to properly file the motion for leave to appeal with the clerk of the bankruptcy court.  The court will not grant or deny leave to appeal under Rule 8003(c), since it does not have enough information to make such a determination, and will not exercise its discretion to direct that a motion for leave to appeal be filed in this court in view of the prior action in this matter and the fact that Olick has still not provided the court with the appropriate documents, in the form of the compiled records normally forwarded by the clerk of the bankruptcy court, to consider the merits.  The court notes that, as in its prior decision, it is not denying Olick's motion for leave to appeal on the merits nor is it determining whether it will allow an interlocutory appeal; instead, the court insists that Olick follows the appropriate bankruptcy procedures when seeking leave to appeal.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. OLICK,<br>   Plaintiff, | : CIVIL ACTION<br>:<br>: |
| v. | : NO. 08-mc-05<br>: |
| JAMES KEARNEY et al.,<br>   Defendants. | :<br>: |

## Order

YOHN, J.

AND NOW on this _____ day of April 2008, upon consideration of plaintiff Thomas W. Olick's renewed motion for leave to appeal (Doc. No. 1), defendant Aetna Life Insurance Company's motion to strike plaintiff's renewed motion for leave to appeal (Doc. No. 3), and plaintiff's reply, it is hereby ORDERED that defendant Aetna Life Insurance Company's motion to strike plaintiff's renewed motion for leave to appeal is GRANTED. The renewed motion for leave to appeal is STRICKEN, and the Clerk shall mark this case CLOSED for statistical purposes.

                                                                         s/ William H. Yohn Jr.
                                                                         William H. Yohn Jr., Judge